### STEVENSON v. STERLING.

STATUTE OF FRAUDS—AGREEMENT TO PAY EMPLOYÉ'S BOARD.

The statute of frauds has no application to a case where an employé, working for a stated salary and expenses, procured board on the credit of his employer, and it was understood by all parties that the employer was responsible for the board.

Error to Montcalm; Davis, J. Submitted November 18, 1904. (Docket No. 121.) Decided November 30, 1904.

Assumpsit by Hampton E. Stevenson against Lew Sterling for the amount of a board bill. From a judgment for plaintiff, defendant brings error. Affirmed.

*Frank A. Miller* and *V. H. & H. H. Smith*, for appellant.

*L. C. Palmer*, for appellee.

GRANT, J. This suit was brought in justice's court to recover $8.50, which plaintiff claimed to be due him from the defendant for a few days' board for his employé named Hubbs. Plaintiff produced evidence tending to show that Hubbs was employed by the defendant for a stipulated sum and his traveling expenses; that Hubbs told the plaintiff of the arrangement, and also told defendant of the arrangement he had made to board with plaintiff when

doing business at Stanton, where plaintiff lived and kept an hotel; that this arrangement was known and understood by the defendant; that defendant recognized his liability, and during Hubbs' employment, thinking the price was too high, discontinued the board there, and procured board for Hubbs at another place. The defendant admitted a contract with Hubbs for employment, and that he was to pay expenses not exceeding a certain amount per week.

The case was submitted to the jury upon the theory of an original liability on the part of the defendant to pay plaintiff for Hubbs' board. Defendant denied any contract or arrangement with Stevenson whereby he was to pay it. The court submitted the case upon the theory that there was an arrangement between Sterling and Hubbs that Sterling was to pay Hubbs' expenses; that he understood Hubbs' board at the hotel was a part of that expense, and that the three parties understood that defendant was to pay for it.

The record contained 77 pages, and the briefs of counsel 53 pages. There are 49 assignments of error; some relating to the rulings upon testimony, some upon the charge of the court, and others upon the refusal to grant requests. No principles or rules of law are involved which are not familiar to the profession. It would be of no benefit to enter into a discussion of them. The court properly instructed the jury that the statute of frauds had no application, and, as above stated, left it to them to determine whether there was such an arrangement between the three as to constitute an original liability on the part of the defendant. There were no errors in the rulings of the court upon the testimony.

The judgment is affirmed.

The other Justices concurred.